UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MARCADO-JULIO,<br>Petitioner,<br>v.<br>TODD BLANCHE, U.S. Attorney General, et al.,<br>Respondents. | Case No.: 26-cv-4094-RSH-GC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On July 15, 2026, petitioner Eric Marcado-Julio, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. On July 23, 2026, Respondents filed a return. ECF No. 6.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

The record reflects that Petitioner, a citizen of Venezuela, was arrested on June 18, 2026 by Border Patrol at the San Clemente Border Patrol Station. ECF No. 6-1 at 8. He was scheduled for a master hearing before the immigration court on July 23, 2026. ECF

No. 6-1 at 13–14. The Court construes the Petition as contending that Petitioner's detention has become unduly prolonged in violation of due process. *Id.*

In determining whether Petitioner's detention has become prolonged, the Court applies a six-factor balancing test used by some district courts. *See Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 773–74 (S.D. Cal. 2020); *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019). That test considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *See Kydyrali*, 499 F. Supp. 3d at 773–74. Of these, the "most important factor" is the length of detention. *Id.* at 774.

Here, Petitioner has been detained since June 18, 2026, a period of less than two months. The relatively brief duration of his detention weighs against finding that it has become unreasonably prolonged. Although a master calendar hearing was scheduled for July 23, 2026, the present record does not reflect the outcome of that hearing or otherwise permit the Court to reliably estimate the likely duration of Petitioner's future detention. The second factor is therefore neutral. The record also does not attribute any delay to either Party. Accordingly, the fourth and fifth factors are neutral.

Courts in this district have found that conditions at the Otay Mesa Detention Center, where Petitioner is detained, are "indistinguishable from penal confinement." *Kydyrali*, 499 F. Supp. 3d at 773; *Hoyos Amado v. U.S. Dep't of Justice*, No. 25-cv-2687-LL-DDL, 2025 WL 3079052, at *6 (S.D. Cal. Nov. 4, 2025). This factor weighs in Petitioner's favor. Finally, although Petitioner contends that he is likely to obtain relief in immigration court, ECF No. 1 at 2, the present record does not permit the Court to assess the probable outcome of those proceedings. The sixth factor is therefore neutral.

Considering Petitioner's length of detention to date in connection with the other applicable factors, the Court determines that Petitioner's detention has not yet become unduly prolonged in violation of his due process rights. For the foregoing reasons,

Petitioner has not established that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the Petition is **DENIED**. Petitioner's Motion to Appoint Counsel (ECF No. 2) and Motion for Temporary Restraining Order (ECF No. 3) are **DENIED AS MOOT**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: July 27, 2026

Hon. Robert S. Huie
United States District Judge